CARRIE McCREA HANLON, ESQ.
PYATT SILVESTRI & HANLON
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
(702) 383-6000
(702) 477-0088 (Fax)
chanlon@psh-law.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SUSAN RATHUNDE and RONALD RATHUNDE, individually and as wife and husband,

Plaintiffs,

vs.

JEFFREY HATHAWAY and JANE DOE HATHAWAY, individually and as husband and wife; JOHN DOES and/or JANE DOES I-X, individually and/or as husband and wife; BLACK CORPORATION and WHITE CORPORATIONS I-X,

Defendants.

No.: 2:10-CV-00046-LDG-PAL

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW defendant Jeffrey Hathaway, by and through his attorney of record, Carrie McCrea Hanlon, Esq. of Pyatt Silvestri and Hanlon and hereby moves this court for an Order of dismissal pursuant to FRCP 56(b).

This Motion is made and based on the papers and pleadings on file herein, the points and authorities attached hereto and oral argument as may be allowed at the hearing of this Motion.

DATED this 22nd day of April, 2010.

PYATT SILVESTRI & HANLON

/s/ Carrie McCrea Hanlon, Esq.
CARRIE McCREA HANLON, ESQ.
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
Attorneys for Defendant Hathaway

This case arises out of a minor traffic accident which occurred on June 5, 2007 in front of the Gold Coast Casino in Las Vegas. On the day the two year statute of limitations ran, suit was filed in Arizona. The case was dismissed by the United States District Court for the District of Arizona on November 12, 2009 due to lack of subject matter jurisdiction, given the accident occurred in Nevada, not Arizona. (Copy of the Judgment of Dismissal is attached as Exhibit "A".) On November 30, 2009, plaintiff filed a Motion to Alter or Amend Judgment which was opposed by defendant due to failure to file this motion within 10 days of the entry of judgment. The Arizona court generously granted relief to the plaintiff pursuant to FRCP 60(b) and allowed this case to be transferred to Nevada. (See Order vacating the judgment of dismissal and allowing for transfer of this case to Nevada attached as Exhibit "B.")

An Answer was filed in the Nevada court on January 14, 2010 (#32). The Certificate of Interested Parties was set to be due January 24, 2010 and the Discovery Plan/Scheduling Order was to be due February 28, 2010. Defendant filed the required Certificate of Interested Parties on January 15, 2010 (#33). Plaintiffs never filed their Certificate. On January 25, 2010 defendant filed his Substitution of Attorney so that defendant would have local counsel in Nevada (#34). On February 1, 2010 an Order was entered confirming the substitution of defense counsel (#35). Plaintiff has yet to obtain local counsel.

The 26(f) conference should have been held by February 14, 2010. This was never done. Despite numerous requests to plaintiff's counsel for the medical records attributed to this accident, none have ever been received. Defendant has no way of knowing whether plaintiff has met the diversity requirement of $75,000 in controversy. (See copies of requests to plaintiff for medical documentation attached as Exhibit "C.") This is particularly important for defendant to know, given he has only a $15,000/$30,000 policy. In fact, plaintiffs failed to allege the jurisdictionally required amount in controversy to the Arizona court. An Order was entered June 10, 2009 giving plaintiffs until June 26, 2009 to show why the case should not be dismissed for failure to allege a basis for subject matter jurisdiction. (See Order attached as Exhibit "D.") Plaintiff did not comply and requested an additional 45 days to submit additional documentation and/or evidence. (See Statement Concerning Subject Matter Jurisdiction attaches as Exhibit "E.")

Once the case was transferred to Nevada, plaintiff was ordered to file a Joint Status Report by March 12, 2010. On the date this Report was due, plaintiff requested additional time in order to locate and retain local counsel in Nevada. (#37.) The court allowed this request and set a new due date of April 21, 2010 for the Report. To date, plaintiff's counsel has still not retained local counsel, nor has the 26(f) conference even been scheduled.

One would expect that having come close to this case being dismissed in Arizona, plaintiffs would have taken extra precautions to ensure the same thing did not occur in Nevada. Instead, plaintiffs have flagrantly ignored every order issued by the Nevada court. Apparently plaintiff has little, if any, interest in prosecuting this case. Based on plaintiffs unwillingness to conform with repeated orders from this court, defendant respectfully requests an Order dismissing this action.

DATED this 22nd day of April, 2010.

PYATT SILVESTRI & HANLON

/s/ Carrie McCrea Hanlon, Esq.
CARRIE McCREA HANLON, ESQ.
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
Attorneys for Defendant Hathaway